UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MODESTO RAMIREZ, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, et al., <br><br> Defendant. | CIVIL ACTION NO. 3:22-CV-00797 <br><br> (MEHALCHICK, J.) |

## ORDER

Presently before the Court is the report of Judge Carlson, (Doc. 19), recommending the Court dismiss *pro se* Plaintiff Modesto Ramirez's ("Ramirez") complaint for failure to prosecute. (Doc. 19). Neither party filed objections to the report, and the time within which they could do so has passed.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Since the report correctly states the procedural and factual background of this case, it will not be repeated herein. (Doc. 19, at 1-2). In sum, Ramirez initiated this civil rights action *pro se* in 2022. (Doc. 1). On November 9, 2023, following a search of the Bureau of Prison's Inmate Locator which indicated that Ramirez was released on July 28, 2023, the

Court directed Ramirez to show cause as to why his complaint should not be dismissed as moot and provide an updated address to the Court on or before Thursday, November 23, 2024. (Doc. 16). Ramirez failed to respond to the Court's order and on February 28, 2024, and March 5, 2024, the Court received notice that Ramirez's mail was returned as undeliverable. (Doc. 20; Doc. 21).

Judge Carlson conducted an extensive analysis to determine whether the case should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with court orders. The report reviews the factors under *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), which guide courts in the Third Circuit when analyzing a failure to prosecute. Judge Carlson found all of the six *Poulis* factors weigh in favor of dismissal. (Doc. 19, at 2-10). Notably, Judge Carlson found that under the Local Rules of this Court, Ramirez should be deemed to have abandoned this lawsuit by failing to provide the Court with an address where he can be reached in direct violation of Local Rule 83.18, and that his removal from the United States largely moots his motion for injunctive relief. (Doc. 19, at 2-3, 8). Moreover, Judge Carlson found that Ramirez appears to have willfully failed to prosecute his claims and follow court orders. (Doc. 19, at 5). Upon review, the Court agrees with the sound reasoning that led Judge Carlson to his conclusion in his report and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The report and recommendation of Judge Carlson (Doc. 19) is **ADOPTED IN ITS ENTIRETY AS THE OPINION OF THE COURT**.

2. This case is **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to **CLOSE** this case.

Dated: April 5, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**